EXHIBIT 67

**History of Gonzales's Attempts to Obtain Fingerprint and Footwear Evidence, 2019-2022**

| | |
|---|---|
| **September 12, 2019** | Under the Public Information Act, Mr. Gonzales requests "any and all records for Michael Dean Gonzales … as a witness, suspect, and victim." <br><br> After an Office of Attorney General opinion on December 4, 2019, on December 12, the City of Odessa releases 18 pages of records from Gonzales's prior offenses. |
| **November 6, 2019** | Under PIA, Mr. Gonzales requests all reports, statements, notes, photos, audio, video, and list of evidence from OPD on this case. <br><br> On February 11, 2020, the City of Odessa releases 700 pages in response, but no information about comparison or examination of fingerprint or footwear evidence |
| **May 9, 2020** | Mr. Gonzales moves to compel production of latent print and foowear impression evidence as part of a larger motion for discovery. <br><br> The State opposes the motion. <br><br> In July 2020, in an unexplained order, the district court denies the request. |
| **October 2020- January 2021** | After the District Attorney Pro Tem informs counsel for Mr. Gonzales that he will not obtain the original prosecution file, counsel contacts the Ector County District Attorney's Office to arrange to obtain it. <br><br> Personnel with the DA's office offers to contact the Odessa Police Department to search for any relevant fingerprint and footwear evidence and makes initial inquiries with the OPD Crime Scene Unit (CSU). <br><br> In January 2021, the Assistant Attorney General/District Attorney Pro Tem cuts off this means of discovery when he instructs the newly elected District Attorney to cease communication with counsel. |
| **May 14, 2021:** | Mr. Gonzales files a motion to compel production of the fingerprint and footwear evidence in the State's possession under the U.S. Constitution and Texas Code of Criminal Procedure 39.14 (the Michael Morton Act). <br><br> In response, the District Attorney Pro Tem argued that the trial court lacks jurisdiction to compel the disclosure of the information, the statute does not apply, and that the District Attorney has no responsibility to learn of any potentially exculpatory materials in the possession of the Odessa Police Department. |
| **Sept. 1, 2021** | At a live hearing, the district court denies the motion for fingerprint and footwear evidence for lack of jurisdiction. |
| **Sept. 2, 2021** | Mr. Gonzales makes a new request for fingerprint and footwear evidence to the Odessa Police Department. |

| Sept. 16, 2021 | Mr. Gonzales receives documents responsive to his September 2 request. There were several previously undisclosed pieces of information, including:<br>• 4 page .pdf document showing 2 AFIS layout sheets and 2 screenshots of latent prints run against the AFIS database from May 1994<br>• 3 unlabeled .tif files with images of latent prints |
|---|---|
| Jan. 28, 2022 | Mr. Gonzales makes a follow-up request for additional documents responsive to his September 2 request. |
| Feb. 2, 2022 | Mr. Gonzales receives substantially more documents responsive to his request, including:<br>• 39 page .pdf document containing fingerprint cards from 19 individuals, plus footwear test impressions from Manuel Aguirre, Jr. shoes taken on April 22, 1994.<br>• Photos and tracings of several latent prints entered into the AFIS database in May and April 1994<br>• Several additional AFIS entry layout sheets and database screenshots.<br>• A May 1994 log of AFIS entries noting six entries from this case, including one hit.<br>• A May 1994 "hit" log noting one hit from this case.<br><br>A note accompanying the City of Odessa's response states:<br><br>Our CSU department has not been able to locate any of the actual latent print cards lifted in reference to this case. It is possible that they were taken to court back in 1995-1996. All documents that CSU has have been scanned and uploaded…. |
| Feb. 11, 2022 | Counsel for Mr. Gonzales speaks with Stephanie Bothwell, head of the Crime Scene Unit (CSU), Odessa Police Department. Ms. Bothwell explains that, after the February 2 response, the CSU located 136 latent print cards from Gonzales's case that had been misplaced in file storage boxes.<br><br>Ms. Bothwell also agrees to have several items of evidence photographed, including footwear impression evidence collected from 220 Schell (the crime scene). |
| Feb. 18, 2022 | Counsel receives the OPD's complete response to the request—461 files (34.7 gigabytes),[1] including:<br>• The front and back of 136 latent prints in high-resolution .tif format |

---

[1] On February 15, the City of Odessa released 43 files through its online records portal but abandoned this method of disclosure because the file size of the documents exceeded the portal's capacity. On February 16, the City of Odessa mailed a CD-ROM disc containing the files via certified U.S. mail. An investigator working with Mr. Gonzales's team obtained a flash drive with the files the same day at the office of the Odessa city attorney and sent it by express delivery to counsel in Austin. On February 17, counsel obtained 26 files containing images of Item 121 from the city attorney for immediate review.

|  | <ul><li>The known prints first disclosed on February 2 in higher resolution .tif format</li><li>301 photographs in .jpg and .cr2 format of:<ul><li>Item 13 – board from the kitchen to living room threshold</li><li>Item 18 – blue house slipper from kitchen</li><li>Item 19 – a piece of tile from kitchen</li><li>Item 23 – three pieces of board from utility room</li><li>Item 40 – plaster casts of footprints from front of residence – 220 Schell</li><li>Item 41 – plaster cast of footprint from backyard of 220 Schell</li><li>Item 42 – wall section from kitchen w/ handprint</li><li>Item 47 – armchair cover from living room</li><li>Item 49 – grey trousers with a belt from Manuel Aguirre</li><li>Item 50 – white t-shirt from Manuel Aguirre</li><li>Item 62 – housecoat from Merced Aguirre</li><li>Item 63 – sleeping gown from Merced Aguirre</li><li>Item 75 – latent shoe print (powder) from utility room</li><li>Item 76 – latent shoe impression with blood stain from utility room</li><li>Item 89 – pants recovered from 517 S. Sam Houston</li><li>Item 121 – multi-colored flannel shirt from 517 S. Sam Houston<ul><li>including the interior of the shirt</li></ul></li><li>Items 14, 31, and 83 – chile pepper evidence</li></ul></li></ul> |