UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL DEAN GONZALES,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO. MO:22-cv-0046-DC |
| | § | |
| **WOODSON ERICH DRYDEN,** | § | |
| District Attorney Pro Tem, Ector County; | § | * DEATH PENALTY CASE * |
| | § | |
| **MICHAEL GERKE, Chief,** | § | |
| Odessa Police Department; and | § | |
| | § | |
| **STEVEN C. MCCRAW, Director,** | § | |
| Texas Department of Public Safety; | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Plaintiff Michael Dean Gonzales, a Texas death-row inmate, had been scheduled to be executed on Tuesday, March 8, 2022. A week before his scheduled execution, Gonzales filed a civil-rights complaint under 42 U.S.C. § 1983, arguing that the denial of his motion for DNA testing in state court denied him, among other things, the right to due process of law and access to the courts. (Doc. 1). Gonzales also filed a motion for stay of his execution date so that this Court could fully consider and adjudicate the issues raised in his complaint. (Doc. 11).

A day after his motion was filed in this Court, his execution was stayed by the Texas Court of Criminal Appeals. *See Ex parte Gonzales*, No. 40,541-07 (Tex. Crim. App.) (Order dated March 3, 2022). As such, the Court must now determine whether Gonzales' motion to stay in this Court should be dismissed as moot due to the stay already issued by the state court.

It is therefore **ORDERED** that, within **fourteen (14) days** of the filing of this Order, Gonzales must show cause why his motion for a stay of execution (Doc. 11) should not be dismissed.

It is so **ORDERED**.

SIGNED this 4th day of March, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE