IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN GONZALES, | § | |
| *Plaintiff* | § | Case No. 7:22-cv-00046 |
| | § | |
| vs. | § | |
| | § | **DEATH PENALTY CASE** |
| WOODSON ERICH DRYDEN, | § | |
| Ector County District Attorney Pro Tem; | § | |
| | § | **EXECUTION DATE: MARCH 8, 2022** |
| MICHAEL GERKE, Chief, | § | |
| Odessa Police Department; | § | |
| | § | |
| STEVEN MCCRAW, Director, | § | |
| Texas Department of Public Safety; | § | |
| *Gerkes.* | § | |

---

### GERKE'S ORIGINAL ANSWER TO THE ORIGINAL COMPLAINT SUBJECT TO THE GERKE'SRULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

---

TO THE JUDGE OF THE HONORABLE COURT:

COMES NOW, **MICHAEL GERKE** (hereinafter referred to as "Gerke"), limiting his appearance for the sole issue of dismissing the case against him, in the above-styled and numbered cause, and does hereby answer, by and through his attorney, the Original Complaint, in his official capacity as the Chief of Police for the Odessa Police Department – City of Odessa, Texas, and by filing this his Original Answer to **MICHAEL DEAN GONZALES** (hereinafter referred to as "Plaintiff"), Plaintiff's Original Complaint, subject to Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for a More Definite Statement, and in support of the Gerke's Original Answer to the Original Complaint, would respectfully show the Court the following:

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **1** of **28**

## INTRODUCTION

1.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

2.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

3.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

4.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

5.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

## JURISDICTION

6.      Admitted.

## VENUE

7.      Denied.

## PARTIES

8.      Admitted.

9.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

10.      Admitted.

11.      Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **2** of 28

## FACTUAL AND LEGAL BACKGROUND

**I.    PHYSICAL EVIDENCE AND ALTERNATE SUSPECTS IN THE AGUIRRE HOMICIDE INVESTIGATION**

12.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

13.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**A.    Police investigate the crime scene but fail to collect or document some physical evidence.**

14.    Admitted.

15.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

16.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

17.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

18.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**B.    Based on the accusation of the man who possessed the Aguirres' stolen goods, OPD arrests Gonzales.**

19.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **3** of 28

20.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

### C.     Police fail to investigate numerous alternate suspects.

21.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

22.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

23.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

24.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

25.     *First Interview*. Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

26.     *Second Interview.* Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

27.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

28.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **4** of **28**

29.     *Third Interview*. Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

30.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

- Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein

- Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein

- Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein

31.     Admitted.

**D.     Police gather numerous pieces of physical evidence with biological material, but no DNA testing is reported.**

32.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

33.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

34.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

35.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **5** of 28

## II.      GONZALES IS TRIED AS THE SOLE PERPETRATOR.

36.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**A.      The State's only direct evidence of guilt was the misleading testimony about a supposed, ambiguous confession to a jailer.**

37.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

38.    **The alleged "confession".** Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

39.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

40.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

41.    Circumstantial evidence. Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

42.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

43.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

44.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **6** of **28**

45.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

46.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

47.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

48.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**B.      The State concedes others were likely involved.**

49.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

50.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**C.      The jury was instructed that, to convict Gonzales, it had to find he murdered both victims.**

51.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

52.     Admitted.

53.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

54.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

55.     Admitted.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **7** of **28**

**III.   IN 2000, EXCULPATORY DNA EVIDENCE IS FOUND.**

**A.    DNA testing in 2000 excludes Gonzales from every interpretable piece of evidence.**

56.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

57.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein., including all items listed in their entirety.

58.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

59.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

60.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

61.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

62.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**IV.   GONZALES' EFFORTS TO ASSERT HIS INNOCENCE AT HIS 2009 RESENTENCING TRIAL ARE REJECTED.**

63.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **8** of 28

64.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

65.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

66.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

67.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

68.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

## V.     POST-TRIAL EVIDENCE RELEVANT TO INNOCENCE CHANGES THE EVIDENTIARY PICTURE.

### A.     Jesse Perkins confesses to committing the murders and setting Gonzales up.

69.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

70.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

71.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

72.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

73.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **9** of **28**

74.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**B.      Jesse Perkins admits he bled in the Aguirre house, and other evidence supports that admission.**

75.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

76.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

77.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

78.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

79.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

80.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

81.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

82.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

83.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**C.      The attack apparently took place in part in the bathroom.**

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **10** of **28**

84.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

85.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**D.     The flannel shirt found in Perkins' closet with the Aguirres' blood on it connects Perkins, not Gonzales, to the murders.**

86.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

87.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

88.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

89.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

90.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

91.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

92.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

93.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **11** of **28**

94.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

95.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**E.      Perkins and Olivarez gave Gonzales the property they stole from the Aguirres to set up Gonzales.**

96. Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

97.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

98.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

99.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

100.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

101.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

102.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

103.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **12** of **28**

104.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

105.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**F.      Independent evidence confirms that Lugo and Olivarez were involved in the murders.**

106.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

107.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

108.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

109.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

110.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**G.      Suppressed evidence disproves the uniqueness of the chile peppers.**

111.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

112.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

113.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **13** of **28**

**H.    Bloodstain pattern expert concludes that the bloodstain testimony and argument at trial were false and misleading.**

114.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

115.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

116.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

117.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

118.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

119.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**I.    Det. Robertson's history of falsifying reports and conducting shoddy investigations- not disclosed to Gonzales' trial counsel- undermines his credibility in the Gonzales investigation.**

120.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**1.    Robertson is forced out of the El Paso Police Department after multiple incidents of misconduct (1973-1978).**

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **14** of **28**

121.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

122.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

123.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

124.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

125.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

126.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**2.      Robertson is accused of multiple acts of misconduct as an Odessa police officer (1978-1999).**

127.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

128.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

129.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

130.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **15** of 28

131.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

132.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

133.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

134.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

135.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

### 3.    Robertson disciplined at the Allen Police Department (1999-2006).

136.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

### 4.    Robertson's poor performance continues at the Murphy Police Department (2006-2015).

137.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

### J.    Based on the post- trial evidence set forth above and police records, Martha Reyes' testimony at the resentencing trial is not credible.

138.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

139.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **16** of 28

140.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

141.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

142.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

143.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

144.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

145.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

146.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

147.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

148.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

149.   Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**K.    Police have just provided Gonzales newly discovered fingerprint evidence that could exonerate him.**

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **17** of **28**

150.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein, including all items listed in their entirety.

151.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

152.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

153.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

154.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

155.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

## CLAIMS FOR RELIEF

156.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

**I.       FIRST CLAIM FOR RELIEF: DENIAL OF DUE PROCESS**

157.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

158.     Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **18** of 28

159.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

160.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

161.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

162.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

163.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

164.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

165.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

166.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

167.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

168.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

## II.    SECOND CLAIM FOR RELIEF: ACCESS TO COURTS

169.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **19** of **28**

170.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

171.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

172.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

173.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

174.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

175.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

176.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

177.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

178.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

## III.    THIRD CLAIM FOR RELIEF: CRUEL AND UNUSUAL PUNISHMENT

179.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

180.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **20** of **28**

## IV.  REQUEST FOR INJUNCTIVE RELIEF: RELEASE OF EVIDENCE FOR TESTING

181.    Gerke lacks knowledge or information sufficient in which to admit or deny the allegations regarding Plaintiff's claims, and therefore denies the allegations stated therein.

<u>**PRAYER FOR RELIEF**</u>

182.    Denied.

183.    Denied.

    a.      Denied.

    b.      Denied.

184.    Denied.

185.    Denied.

<u>**DEFENSES**</u>

In asserting the following defenses, the Gerke does not admit that the burden of proving the allegations or denials contained in the defenses is upon him, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the allegations contained in many of the defenses is upon the Plaintiff.  Moreover, Gerke does not admit, in asserting any defense, any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiff's pleadings and demands strict proof thereof, and raises the defenses of qualified immunity and absolute immunity.   Without admitting liability as to any of Plaintiff's causes of action, Gerke asserts the following defenses:

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **21** of 28

1. For affirmative defense herein, Gerke alleges that a defect of the party exists and Gerke is therefore not liable to the Plaintiff in the capacity in which he has been sued.

2. For further affirmative defense herein, Gerke alleges that Plaintiff has failed to mitigate his damages, if any.

3. For further affirmative defense herein, Gerke alleges that Plaintiff committed acts and/or omissions which were solely the proximate and/or producing cause of the damages, if any, sustained by the Plaintiff.

4. For further affirmative defense herein, Gerke specifically denies engaging in or committing any act or conduct which would constitute a violation of Plaintiff's constitutional and/or civil rights.

5. For further affirmative defense herein, Gerke alleges that, as a member of a governmental unit, he is immune from suit and liability pursuant to the doctrines of governmental and/or sovereign immunity as to any state law or federal law claim or cause of action asserted by the Plaintiff.  The liability, if any, of said Gerke is subject to and expressly limited by the terms and provisions of Chapter 101, *Texas Civil Practice & Remedies Code*.

6. For further affirmative defense herein, Gerke alleges that the claims and causes of action asserted by Plaintiff against Gerke for any negligence is not actionable and is barred pursuant to §101.055(2)(3), *Texas Civil Practice & Remedies Code*.

7. For further affirmative defense herein, Gerke alleges that the claims and causes of action asserted by Plaintiff against Gerke for negligence is barred inasmuch as the same fails to state any claim or cause of action under the *Texas Civil Practice & Remedies Code* and 42 U.S.C. §1983 upon which relief could be granted to Plaintiff.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **22** of 28

8. For further affirmative defense herein, Gerke alleges that the claims and causes of action asserted by Plaintiff against him for punitive and/or exemplary damages, if any, is barred as a matter of law. *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247 (1981); §101.024, *Texas Civil Practice & Remedies Code*.

9. For further affirmative defense herein, Gerke alleges that any claim or cause of action asserted by Plaintiff for punitive or exemplary damages, if any, is arbitrary, unreasonable, excessive and in violation of Gerke's individual rights to due process of law and equal protection of the law under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article 1, §13 and 19 of the Texas Constitution, and is thus barred.

10. For further affirmative defense herein, Gerke alleges that his liability, if any, is subject to the limitations of §§41.008 and 101.023(c), *Texas Civil Practice & Remedies Code*.

11. For further affirmative defense herein, Gerke alleges that the granting of relief to Plaintiff for punitive or exemplary damages would be in violation of his constitutional rights to due process of law and equal protection of the law under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, §13 and 19 of the Texas Constitution in that:

   a.   Punitive damages are penal in nature and tantamount to the imposition of a criminal fine;

   b.   The guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite, un-certain and set no limit on the damages which can be awarded, and furthermore do not apprize Gerke of the conduct that will subject him to criminal penalties;

   c.   Punitive damages expose Gerke to multiple punishment and fines for the same act; and

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **23** of 28

    d.    Punitive damages discriminate against Gerke on the basis of wealth, in that different amounts can be awarded against different Gerke for the same act, but who differ only in material wealth.

12. For further affirmative defense herein, Gerke alleges that he is immune from liability as to any state law or federal law claim or cause of action asserted by the Plaintiff pursuant to the doctrine of official immunity.

13. For further affirmative defense herein, Gerke at all times acted reasonably, in good faith, without malice, wrongful intent or motive, without negligence and in compliance with all applicable laws.  The Gerke acted objectively and reasonably and would thus be entitled to qualified immunity.  Alternatively, the Gerke would be entitled to quasi-judicial immunity as to any state law or federal law claim or cause of action asserted herein.

14. For further affirmative defense herein, Gerke alleges that all acts performed by him is discretionary and performed in the exercise of said discretion, thus entitling him to absolute immunity since the Plaintiff has failed to show a policy or custom which promulgated a constitutional violation.

15. For further affirmative defense herein, Gerke specifically denies committing any act which would constitute actionable false arrest, false imprisonment, assault or intentional infliction of emotional distress, as those terms are defined by law.

16. For further affirmative defense herein, Gerke specifically denies detaining Plaintiff willfully, without authority of the law or against the Plaintiff's consent.

17. For further affirmative defense, Gerke alleges that the claims and causes of action asserted by Plaintiff against him for false imprisonment, false arrest, assault and

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **24** of 28

intentional infliction of emotional distress is barred pursuant to §101.055(2)(3) and §101.057(2), *Texas Civil Practice & Remedies Code*.

18. For further affirmative defense herein, Gerke did not violate any clearly established statutory or constitutional rights of the Plaintiff.

19. For further affirmative defense herein, Gerke alleges that Plaintiff has failed to establish any affirmative link between the injury complained of and any policy, practice or custom attributable to the Gerke which allegedly caused or would cause injury to Plaintiff pursuant to 42 U.S.C. §1983.

20. For further affirmative defense herein, Gerke specifically denies the existence, application or violation of any policy, practice or custom attributable to Gerke which allegedly caused or would cause injury to Plaintiff.

21. For further affirmative defense herein, Gerke alleges that the application and authorization of any policy, practice or custom was proper and he had good cause for the institution of the application of said policy, practice or custom, and that any alleged violation of same was not under color of state law.

22. For further affirmative defense herein, Gerke alleges that the any damages, claims and causes of action asserted by Plaintiff against him is barred by the applicable statute or statutes of limitation as he has qualified immunity and absolute immunity.

23. For further affirmative defense herein, Gerke states that Plaintiff's constitutional violation claims lack truth and as such Plaintiff cannot meet his burden of proof.

24. For further affirmative defense herein, Gerke states that Plaintiff's Original Complaint is founded on his mere conclusions that is only speculative in nature, and said lawsuit has been filed by Plaintiff to harass and annoy Gerke.

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page 25 of 28

25. For further affirmative defense herein, Gerke alleges that the damages, claims and causes of action asserted by Plaintiff against Gerke were not legally foreseeable and, if any, were solely caused by superseding and/or intervening events.

26. For further affirmative defense herein, Gerke specifically denies that the Department or any agent, servant, representative or employee of Odessa Police Department – City of Odessa, Texas committed any act which would constitute a violation of any applicable federal or state statute, constitutional theory, law or legal authority or knowingly, intentionally, willfully, maliciously and/or with reckless disregard any act which would constitute a violation of any applicable federal or state statute, constitutional theory, law or legal authority.

27. Gerke asserts all limitations, reductions, and restrictions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

28. Gerke affirmatively pleads that he was employed in 2019, by the Odessa Police Department, and as such he is afforded official immunity, as all actions or inactions were performed as discretionary duties in good faith and within the scope of authority at the time Plaintiff's claims arose.  Further, Gerke asserts his defense of qualified immunity due to his employment as police officers for the Odessa Police Department for all the allegations alleged by the Plaintiff's Original Complaint.

29. Plaintiff has failed to state a colorable claim for denial of medical care and has failed to establish that Gerke acted with subjective deliberate indifference to a serious medical need.

30. The action of Gerke, in his official capacity and the performance of his official functions were conducted in good faith and all actions were lawful and in complete

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **26** of **28**

absence of improper motive.  The Gerke asserts the defense of immunity for all matters alleged by Plaintiff in his complaint, both absolute and qualified.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Gerke respectfully requests that the Court grant him his Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for a More Definite Statement, and dismiss each of Plaintiff's claims asserted against him entirely.  Gerke requests that the Court dismiss Plaintiff's pleadings.  Gerke denies any and all further allegations not specifically addressed in the answer and denies that Plaintiff has stated a valid claim for which relief may be granted or is entitled to any relief from the Gerke.  Subject to these motions, Gerke respectfully requests that the Court deny the relief requested by Plaintiff.  Gerke seeks to recover attorney's fees and costs as provided by law.  Gerke prays that the Court dismiss all of Plaintiff's claims against him with prejudice, that Plaintiff take nothing, and that the Court grant any other relief to which he is entitled.

Respectfully submitted, this the 22nd day of April 2022.

MICHAEL GERKE – DEFENDANT

By _____

DANIEL C. JONES
Senior Assistant City Attorney
Texas Bar No. 24110838
CITY OF ODESSA
411 W. 8th Street
P.O. Box 4398
Odessa, Texas 79760
Phone: 432-335-3289
Email: dcjones@odessa-tx.gov
**ATTORNEY FOR MICHAEL GERKE**

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document is being served on this the 22nd day of April 2022, via the electronic filing system for the United States District Court for the Western District of Texas, for all counsel of record as shown below.

> Richard Burr
> dick@burrandwelch.com
> BURR and WELCH, P.C.
> P.O. Box 525
> Leggett, Texas 77350

SO CERTIFIED, this the 22nd day of April 2022.

_____
DANIEL C. JONES

*Gonzales v. Dryden, et al. – Gerke's Original Answer to the Original Complaint Subject to the Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **28** of **28**