IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MICHAEL DEAN GONZALES, § <br> *Plaintiff* § <br> § <br> vs. § <br> § <br> WOODSON ERICH DRYDEN, § <br> Ector County District Attorney Pro Tem; § <br> § <br> MICHAEL GERKE, Chief, § <br> Odessa Police Department; § <br> § <br> STEVEN MCCRAW, Director, § <br> Texas Department of Public Safety; § <br> *Defendants.* § | Case No. 7:22-cv-00046 <br><br> **DEATH PENALTY CASE** <br><br> **EXECUTION DATE: MARCH 8, 2022** |

---

### GERKE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT - RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

---

TO THE JUDGE OF THE HONORABLE COURT:

COMES NOW, **MICHAEL GERKE** (hereinafter referred to as "Gerke"), limiting his appearance for the sole issue of dismissing the case against him, in the above-styled and numbered cause, and does hereby file, by and through his attorneys, his Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for a More Definite Statement, and would respectfully show the Court the following:

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **1** of **6**

# I.

## MOTION TO DISMISS

### A.     Nature of the Suit

Plaintiff **MICHAEL DEAN GONZALES** (hereinafter referred to as "Plaintiff") asserts groundless claims against Gerke, in the above-styled and numbered cause, Plaintiff claims that Gerke has withheld DNA evidence from the Plaintiff.

Presumably, Plaintiff asserts a civil rights action under 42 U.S.C. § 1983. Therefore, Plaintiff's claims against Gerke must be dismissed because Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

### B.     Arguments and Authorities

#### 1.     Plaintiff's Claims Against Gerke Must Be Dismissed Because Plaintiff Failed to State a Claim under 42 U.S.C. § 1983.

Plaintiff's claims against Gerke's must be dismissed because the Gerke has the right to raise qualified immunity. *Vasquez v. San Benito Consol. Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 106713, at *13 (S.D. Tex. Feb. 22, 2006). Furthermore, while it is easier to establish an individual capacity claim, the Plaintiff must still show "that the official, acting under color of state law, caused the deprivation of a federal right." *Vasquez*, 2006 U.S. Dist. LEXIS 106713, at *14-15.

Gerke clearly understands that the Court must liberally construe the complaint as true. However, none of the Plaintiff's federal rights have been violated. Plaintiff claims that the Odessa Police Department (OPD) have recently provided him with "newly discovered fingerprint evidence that could exonerate him." (Pl.'s Compl., pg. 50 at K.). That is simply not true; the 136 latent print cards from the crime scene and from the stolen property of the Aguirre's home were provided in 1994-96 to Plaintiff's defense counsel. These 136 latent print cards are not new evidence as the Plaintiff claims. The 19 sets of known fingerprints from the victims, victims' family, witnesses

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **2** of **6**

and several suspects are not new either. The footwear impressions from Miguel Aguirre, Jr.'s shoes in April 1994 are not new either. Each piece of evidence described above are not new, but rather part of the criminal case that was sent to the Plaintiff's defense attorneys. The Plaintiff's attorney requested photos of the specific items of evidence. Stephanie Bothwell (hereinafter referred to as "Bothwell"), OPD Crime Scene Unit Supervisor, asked Ellen Moody (hereinafter referred to as "Moody"), OPD Records Manager, to scan the 136 latent print cards on to a thumb drive. Bothwell asked Danielle Rudolph (hereinafter referred to as "Rudolph"), OPD Crime Scene Unit Technician, to get evidence from the vault. Joanna Rincon (hereinafter referred to as "Rincon"), OPD Crime Scene Unit Property Technician, pulled the requested evidence from the vault. Rudolph then took the photos of those items in evidence. Rudolph and Stacy Cannady (hereinafter referred to as "Cannady"), OPD Crime Scene Unit Technician, rescanned the 136 latent prints and the 19 sets of known fingerprints per the Plaintiff's attorney's request. All of this was saved to a thumb drive and delivered to the City of Odessa Legal Department. After these photos were sent to the Plaintiff's attorney, the attorney then requested that additional specific photos be taken with the use of an alternate light source on specific evidence. Those photos were taken and placed on CD/DVD disk and delivered to the Legal Department.

In short, the photos of the evidence listed above came after the items of evidence were retrieved from storage per the Plaintiff's request. OPD did not discover any new evidence; the evidence that was sent to Plaintiff's attorney was not new, but rather photos of the evidence which had been in OPD's custody for over twenty-five years.

### 2. Plaintiff's State-Law Claims, If Any, Must Be Dismissed.

Based on the pleadings, Plaintiff appears to be asserting violations arising under federal law alone. Gerke denies that Plaintiff asserts any state law claims. To the extent that the Court

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **3** of **6**

construes otherwise, the Gerke moves for dismissal of Plaintiff's state law claims for lack of jurisdiction.

To the extent that Plaintiff's pleadings can be construed as pleading a claim for an intentional assault upon his arm or excessive force, Gerke has qualified and absolute immunity. Because the claims asserted under § 1983 are without merit, Plaintiff's case must be dismissed. Further, the Court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1967(c).

**C.     Conclusion**

For each of the reasons stated herein, the Court should grant the Rule 12(b)(6) Motion to Dismiss of the named Gerke, Odessa City Police Department, as well as any claims asserted against the Gerke. In granting this Rule 12(b)(6) Motion, the Court should dismiss the named Gerke, in his official capacity, and provide Gerke such other and further relief in law and in equity, both general and specific, to which he is justly entitled.

## II.

## ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

In the alterative, and only to the extent that the Court is inclined to deny Gerke's motion to dismiss, Gerke requests that the Court grant this Alternative Motion for More Definite Statement. Rule 12(e) of the Federal Rules of Civil Procedure provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Accordingly, Gerke's request that the Court require Plaintiff to amend his complaint in order to correct the deficiencies identified herein.

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **4** of **6**

In his complaint, Plaintiff claims that Gerke withheld "newly discovered fingerprint evidence", however, that simply is not true.

The Plaintiff must plead his case with specificity, otherwise, Gerke respectfully requests that the Court dismiss all claims against Gerke; or, in the alternative, only if Gerke's Motion to Dismiss is denied, grant this Alternative Motion for More Definite Statement under Rule 12(e) and require that the Plaintiff re-plead his claims to specify the factual allegations against Gerke and, if such deficiencies described above are not addressed, that the Court dismiss Plaintiff's claims and award Gerke such other further relief to which it may be entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Gerke respectfully requests that the Court grant Gerke's Rule 12(b)(6) Motion to Dismiss and dismiss each of Plaintiff's claims asserted against Gerke in its entirety. In the alternative, Gerke requests that the Court grant its Rule 12(e) Motion for More Definite Statement and order Plaintiff to submit a more definitive pleading addressing each of the discrepancies identified by Gerke's Alternative Rule 12(e) Motion and, upon Plaintiff's failure to do so, to dismiss Plaintiff's pleadings. Subject to these motions, Gerke respectfully requests that the Court deny the relief requested by Plaintiff, dismiss each cause of action therein with prejudice, and award Gerke his reasonable costs in defending this matter, along with such other relief to which Gerke may show himself to be entitled.

Respectfully submitted, this the 22nd day of April 2022.

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **5** of 6

MICHAEL GERKE – DEFENDANT

By  */s/ Daniel C. Jones*
_____
DANIEL C. JONES
Senior Assistant City Attorney
Texas Bar No. 24110838
CITY OF ODESSA
411 W. 8th Street
P.O. Box 4398
Odessa, Texas 79760
Phone: 432-335-3289
Email: dcjones@odessa-tx.gov

**ATTORNEY FOR MICHAEL GERKE**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document is being served on this the 22nd day of April 2022, via the electronic filing system for the United States District Court for the Western District of Texas, for all counsel of record as shown below.

> Richard Burr
> dick@burrandwelch.com
> BURR and WELCH, P.C.
> P.O. Box 525
> Leggett, Texas 77350

SO CERTIFIED, this the 22nd day of April 2022.

*/s/ Daniel C. Jones*
_____
DANIEL C. JONES

*Gonzales v. Dryden, et al. – Gerke's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Rule 12(e) Motion for More Definite Statement*

Page **6** of **6**