UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL DEAN GONZALES,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO. MO:22-cv-0046-DC |
| | § | |
| **WOODSON ERICH DRYDEN,** | § | |
| District Attorney Pro Tem, Ector County; | § | * DEATH PENALTY CASE * |
| | § | |
| **MICHAEL GERKE,** Chief, | § | |
| Odessa Police Department; and | § | |
| | § | |
| **STEVEN C. MCCRAW,** Director, | § | |
| Texas Department of Public Safety; | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is an amended civil-rights complaint under 42 U.S.C. § 1983 filed by Plaintiff Michael Dean Gonzales, a Texas death-row inmate. (Doc. 23). In the amended § 1983 complaint, Plaintiff argues that the denial of his motion for DNA testing in state court denied him, among other things, the right to due process of law and access to the courts. In response, Defendant Michael Gerke filed a motion to dismiss Plaintiff's complaint (Doc. 25).[1] Defendants Dryden and McCraw have yet to file a responsive pleading, but have requested a third extension of time—up to and including February 1, 2023—to file their response. (Doc. 31).

The extensions of time previously requested from, and granted by, this Court all noted that Plaintiff's DNA litigation in state court is not yet complete. In March 2022, the Texas Court of Criminal Appeals affirmed a lower state court's ruling denying Plaintiff's requested DNA

---

[1] Despite receiving three extensions of time from this Court—up to and including November 15, 2022—Plaintiff has not responded to Defendant Gerke's motion.

testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. Two weeks later—after Plaintiff had initiated the instant § 1983 proceedings in this Court—Plaintiff filed a motion for rehearing with the Texas Court of Criminal Appeals. To date, the Texas Court of Criminal Appeals has not yet ruled on Plaintiff's motion for rehearing.[2]

The parties seem to agree that the motion for rehearing currently pending before the Texas Court of Criminal Appeals may have a direct impact on issues of fact and standing in the instant proceeding. (Docs. 30, 31). Thus, instead of continuously granting extensions of time, the Court concludes that the interests of justice and judicial economy are better served by staying these proceedings until the Texas Court of Criminal Appeals has ruled on Plaintiff's motion for rehearing.

Accordingly, it is hereby **ORDERED** that:

1. Defendant Gerke's Motion to Dismiss, filed May 18, 2022 (ECF No. 25), is **DISMISSED WITHOUT PREJUDICE,** and all proceedings in this cause are **STAYED** and this cause is held in **ABEYANCE** pending further order from this Court. The instant proceedings are hereby administratively **CLOSED**.

2. Every **30 days** from the date of this Order, the parties shall file a joint advisory informing the Court of the status of Plaintiff's motion for rehearing in state court. The parties shall also notify the Court immediately when the Texas Court of Criminal Appeals finally adjudicates Plaintiff's motion for rehearing.

3. Once the Texas Court of Criminal Appeals has adjudicated Plaintiff's motion for rehearing, if necessary, this Court will lift the stay implemented by this Order and issue a new scheduling order for the disposition of this cause. The parties shall provide to this Court a joint

---

[2] *See* http://www.research.txcourts.gov, search for "Gonzales, Michael" last visited December 2, 2022.

proposed scheduling order for the litigation of Plaintiff's civil-rights complaint within **30 days** of the Texas Court of Criminal Appeals' decision.

4. Finally, Defendants Dryden and McCraw's Motion for Extension of Time (ECF No. 31) is **DISMISSED** as moot.

It is so **ORDERED**.

SIGNED this 5th day of December, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE