IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| MICHAEL DEAN GONZALES,    § | |
|     Plaintiffs,    § | |
| § | |
| v.    § | CIVIL ACTION NO. 7:22-CV-046-DC |
| § | |
| WOODSON ERICH DRYDEN, et al.,    § | |
|     Defendants.    § | |

## FREEMAN MARTIN'S MOTION TO DISMISS

### I.    MOTION TO DISMISS

Freeman Martin, the Director of the Texas Department of Public Safety (DPS), moves to dismiss all claims against him, pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff fails to demonstrate any exception to sovereign immunity permitting him to sue the DPS Director in federal court. Director Martin respectfully requests that this Court dismiss the above-captioned matter without prejudice.

### II.    STATEMENT OF THE CASE

This is a lawsuit alleging that Texas Code of Criminal Procedure Chapter 64 ("Motion for Forensic DNA Testing") is unconstitutional on its face and as applied.[2] Plaintiff Michael Dean Gonzales filed suit on March 1, 2022, at which time he was scheduled for execution, and had been denied DNA testing by a Texas district court.[3] Two days after suit was filed, the Texas Court of

---

[1]  Freeman Martin replaced Steven McCraw as DPS Director on December 1, 2024. Director Martin is automatically substituted for McCraw as a defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d).

[2]  Doc. 23 at § 4.

[3]  Doc. 1 at ¶¶ 1, 3.

Criminal Appeals affirmed the lower court's order denying DNA testing pursuant to Chapter 64.[4] On the same day the Court of Criminal Appeals also partially remanded Gonzales' habeas corpus application on separate grounds, and stayed Gonzalez' execution.[5] Gonzales amended his complaint in this matter on May 13, 2022, and that amended complaint remains the live pleading.[6] Proceedings were stayed and this case was administratively closed on December 5, 2022.[7]

Meanwhile, Gonzales moved for rehearing of the Court of Criminal Appeal's order affirming denial of DNA testing, and rehearing was denied without opinion on January 10, 2024.[8] On May 24, 2025, this Court lifted the stay, reopened proceedings, and ordered responsive pleadings.[9]

### III. BRIEF IN SUPPORT OF MOTION TO DISMISS

#### A. Sovereign Immunity & Ex parte Young

Federal courts are deprived of jurisdiction over "suits against a state, a state agency, or a state official in his official capacity unless that state waived its sovereign immunity or Congress

---

[4] Gonzales v. State, No. AP-77,104, 2022 WL 663806, 2022 Tex. Crim. App. Unpub. LEXIS 119 (Tex. Crim. App., Mar. 3, 2022).

[5] Ex parte Gonzales, No. WR-40,541-07, 2022 WL 628505, 2022 Tex Crim. App. Unpub. LEXIS 116 (Tex. Crim. App., Mar. 3, 2022).

[6] Doc. 23.

[7] Doc. 32.

[8] Doc. 46; In re Gonzales, 2024 Tex Crim. App. LEXIS 11 (Tex. Crim. App., Jan. 10, 2024).

[9] Doc. 51.

has clearly abrogated it."[10] A narrow exception permits federal lawsuits to proceed when a plaintiff requests prospective relief against state officials in their official capacities for ongoing violations of federal law.[11] For this exception to apply, "the state official, by virtue of his office, must have some connection with the enforcement of the challenged act, or else the suit is merely making him a party as a representative of the state, and thereby attempting to make the state a party."[12] The test for "some connection" in this context involves three factors: (1) the particular duty to enforce the challenged law; (2) a demonstrated willingness of enforcement; and (3) enforcement authority that amounts to "compulsion" or "restraint."[13]

### B. Particular Duty to Enforce Chapter 64

As the Court well knows, Gonzales' suit has several prominent brethren.[14] It has become clear that when challenging the constitutionality of Texas' DNA testing statute, the "correct party" to sue is "the local prosecutor."[15] The Fifth Circuit's conclusion on this front is derived from the Supreme Court's holding in Reed, which conferred standing on prisoners to challenge the DNA testing statute only because it is "substantially likely" that a favorable federal ruling would

---

[10]   Moore v. La. Bd. of Elementary & Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014).

[11]   Ex parte Young, 209 U.S. 123, 159-60 (1908).

[12]   City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019) (cleaned up).

[13]   Mi Familia Vota v. Ogg, 105 F.4th 313, 325 (5th Cir. 2024).

[14]   See Reed v. Goertz, 136 F.4th 535 (5th Cir. 2025); Wood v. Patton, 130 F.4th 516 (5th Cir. 2025); Gutierrez v. Saenz, 93 F.4th 267 (5th Cir. 2024).

[15]   Gutierrez, 93 F.4th at 272.

motivate the state prosecutor to comply with testing.[16]

But why the prosecutor? Because Chapter 64 itself imposes upon "the attorney representing the state" a duty to either deliver the requested evidence for testing or explain to the relevant court why the state cannot so deliver.[17] Chapter 64 specifically and exclusively designates the "attorney representing the state" as the official responsible for providing or withholding the state's evidence for DNA testing.

Conversely, Chapter 64 does not statutorily task the DPS Director or any other merely physical custodian of evidence with any "particular duty to enforce" the statute. Even if it is assumed that the Director has discretion to conduct or permit DNA testing outside of the provisions of Chapter 64, "[d]iscretionary authority to act, on its own, is insufficient to give rise to a particular duty to act."[18] Gonzales fails the first factor of the Ex parte Young connection test.

### C. Demonstrated Willingness of Enforcement

The pleadings offer nothing to show that the DPS Director has demonstrated any willingness to enforce Chapter 64. In fact, the pleadings offer little with regard to the DPS Director, discounting impermissible group pleadings.[19] It is readily apparent that suit is brought against the

---

[16] Id. (citing Reed v. Goertz, 598 U.S. 230, 234 (2023)).

[17] Tex. Code Crim. Proc. art. 64.02.

[18] City of Austin, 943 F.3d at 998.

[19] See Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 365 (5th Cir. 2004) ("[W]e do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the [illegal conduct] is specifically pleaded.").

.

DPS Director solely because his agency performed DNA testing 25 years ago and maintained some evidence in its freezers.[20] There is, however, no assertion or evidence that DPS's mere physical custody of certain evidence equates to any "willingness to enforce" Chapter 64. To the contrary, it is clear that DPS's involvement in handling and testing evidence in this matter is solely at the behest of local authorities. Plaintiff fails the second factor of the Ex parte Young connection test.

### D.   "Compulsion or "Restraint"

The pleadings also fail to offer anything regarding "compulsion" or "restraint."[21] Mere authority to enforce a law, and fear thereof, is insufficient to demonstrate compulsion or restraint for the purposes of Ex parte Young.[22] And DPS has *no* enforcement authority under Chapter 64, mere or otherwise. Put another way, DPS could not independently grant the relief Gonzales requests if it wanted to. It is only a functionary that may, or may not, be court-ordered to carry out testing under Chapter 64.[23] Gonzales fails the third factor of the connection test, and wholly fails to demonstrate that the DPS Director is a proper Ex parte Young defendant.

### IV.   PRAYER

The Director of the Texas Department of Public Safety is not a proper Ex parte Young defendant to provide relief under Chapter 64 of the Texas Code of Criminal Procedure. The Director is therefore entitled to sovereign immunity to suit in this matter. Freeman Martin respectfully requests that this Court grant his motion to dismiss, pursuant to Rule 12(b)(1).

---

[20]   Doc. 5-7; Doc. 23 at ¶¶ 11, 59-60.

[21]   See Mi Familia Vota, 105 F.4th at 332.

[22]   Id.

[23]   Tex. Code Crim. Proc. art. 64.03(c).

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24065628
Christopher.Lindsey@oag.texas.gov

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 370-9314 (Fax No.)

**ATTORNEYS FOR**
**FREEMAN MARTIN**

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served on all parties by electronic servicing on this 13th day of June, 2025.

/s/ *Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General